O’NIELL, J.
Plaintiff appeals from a judgment dismissing, on an exception of no cause of action, one of his demands made in a supplemental petition.
He had claimed, in his original petition, *453 $14,320.57 damages for the alleged violation of a contract of sale of standing timber, and had prayed that the contract be adjudged violated and annulled and that defendant be enjoined not to cut or remove any more of the timber. He copied at length in his petition the contract whereby he had sold the timber to defendant, to be paid for at stipulated prices per thousand feet, board measure, of the lumber to be manufactured by defendant. The petition contained an itemized statement of losses alleged to have been sustained by plaintiff, by defendant’s alleged violation of certain obligations of the contract, viz.: First, to clear the land of all timber of the size and quality covered by the contract; second, to convert into lumber all ■ parts of trees suitable for making lumber, from the highest grade to and including merchantable pecky grade; and, third, not to convert into shingles or laths any timber that would make merchantable lumber, or waste any timber that could be converted into shingles or laths.
By an allegation and in the prayer of his original petition, plaintiff reserved the right to sue for any further loss that he might have suffered or might thereafter suffer by continued violation of the contract during the pendency of the suit.
Defendant filed exceptions to the petition, being mainly pleas of vagueness of certain allegations; which exceptions were overruled. Defendant then answered, denying and putting at issue each and every charge of violation of the contract.
Thereafter plaintiff filed the supplemental petition, alleging that he had then been notified by defendant that the latter had finished cutting and removing the timber. He alleged that defendant had not paid or accounted for all of the timber that was sold, the shortage being at least 15,000,000 feet of cypress timber, worth $135,000. He alleged, too, that, during the pendency of the suit, there had been further waste in manufacturing the timber into lumber, shingles and laths, resulting in an additional loss of $16,781.05 in the price he should have received. He prayed for judgment for the $16,781.05, in addition to the sum claimed in his original petition, and for an accounting for all of the lumber manufactured by defendant from the timber sold by plaintiff, which he alleged amounted to about 12,000,-000 feet more than had been wasted by defendant, and for which he alleged he was entitled to $10S,000 in addition to the specific sums already claimed for the timber wasted and not accounted for.
Defendant pleaded, by way of exception to the supplemental petition, that it did not disclose a cause of action; the exception being based, first and mainly, upon the fact that the contract set forth in the original petition had allowed plaintiff the privilege of having a representative at defendant’s sawmill at all times, to see that all of the timber was properly converted into lumber, shingles and laths, and accounted for; and, second, that plaintiff had received, and accepted without protest, monthly reports and settlements, regularly, for all lumber, shingles and laths manufactured from the timber taken from his land, according to the stipulations of the contract.
The exception was overruled as to the demand for $16,781.05 for the alleged waste of timber, and was sustained as to the demand for an accounting and for payment for more timber than was alleged to have been wasted and unaccounted for, and for which alleged waste plaintiff had already claimed $14,320.57 in his original petition and $16,-781.05 in the supplemental petition.
Opinion.
[1,2] The privilege allowed plaintiff, by the terms of the contract, of having a representative at defendant’s sawmill, to see *455 that all logs would be manufactured into lumber, shingles and laths, so as to obtain the best results, and to see that the product of the timber would be properly accounted for, did not deprive plaintiff of the right to complain of any error or shortage that might appear at the end of the operations. Plaintiff’s representative in the sawmill could see that all logs that were brought in were being manipulated so as to produce the best results, and see that what lumber and shingles and laths were produced were properly accounted for; but he could not know that all merchantable timber in the woods was being brought in. The petition contains an averment that there was gross error in the amount of the product of the timber accounted for in the reports furnished plaintiff by defendant. His acceptance of monthly payments on the reports furnished by defendant did not deprive him of a cause of action for the value of timber that was bought by defendant, if, through error or deception or in violation of the contract of sale, it was not accounted for. It was not possible for plaintiff to know that the quantity of timber that would be accounted for by defendant would fall short of the quantity sold, or know what the shortage would be, until defendant quit cutting and removing the timber. It is true the contract contains provisions which were intended to safeguard the rights of the seller of the timber and prevent any disagreement at tthe end of the operations; but the seller is not bound to suffer for an error, if one was committed, in the carrying out of those provisions. We do not find anything in the supplemental petition that is inconsistent with any allegation in the original petition.
The judgment appealed from is annulled and set aside, and it is ordered that the case be remanded to the civil district court to be proceeded with according to the views expressed in this opinion.